THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFONSO LUQUIS, Defendant and Appellant.

No. 9793. Argued February 12, 1943.—Decided March 4, 1943.

*F. González Fagundo* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Appellant was accused and convicted of the crime of adulteration of milk, subsequent offense, being sentenced to the penalty of eight months in jail and $500 fine. In addition, the cancellation of his license for the sale of milk was ordered as well as the publication of the judgment by means of edicts and signs which will be posted in public places and at the accused's domicile.

The only error assigned as committed by the lower court is that of having found the accused guilty. Appellant argues

that it was not proved that the accused transported adulterated milk for the purpose of selling it for human consumption, an indispensable requisite of the crime prescribed and punished by the first section of Act No. 77 of August 12, 1925 (Laws of 1925, p. 558). Let us see if the evidence introduced by the district attorney is sufficient to support the judgment appealed from.

The first witness was Mr. Rafael Barreras of the Department of Health. He stated that he examined the milk found in the possession of the accused and discovered that it had been adulterated by the artificial addition of water in a proportion of 12 per cent.

Germán Pereira, Health Inspector of Caguas, stated: That on November 6, 1939, while he was out searching for adulterated milk, accompanied by Rafael Castellón, he found the accused in possession of two containers which contained among them five quarts of cow's milk; that he handed to the accused one of the samples and sent the other two to the Department of Health to be examined; that the accused transported the milk about 4:30 in the morning in the ward of La Granja, Caguas; that he knows the accused, who has been engaged in the sale of milk for public consumption for a long time; that the accused informed him that he bought the said milk from one Antonio Longo, and later denied that and said that he bought it secretly, that is from a stand or dairy which did not have a license from the Department of Health; that the accused carried the milk, without offering it for sale, at the moment when it was found in his possession, but he himself told the witness that he carried it for sale.

It was proved, furthermore, that the accused had been convicted on June 13, 1932, of the crime of adulteration of milk, and sentenced to six months in jail and $500 fine, his appeal having been dismissed by this court on November 28, 1932.

The testimony for the defense tended to show that the accused had nothing to do with the milk containers; that the same had been left abandoned on the floor by an unknown person who had run away, and that the Health Inspector then called the accused who was hanging around and told him that the milk belonged to him.

The conflict in the evidence was decided against the appellant, and it resulting from the testimony introduced by the district attorney, to which the trial court gave complete credit, that the accused habitually engaged in the sale of milk for human consumption, that on the day charged a certain quantity of milk was found in his possession which he transported in two containers and that the same was found to be adulterated; and that the accused himself confessed that he transported the said milk for the purpose of sale, we must arrive at the conclusion that the trial court did not err in finding the accused guilty of the crime charged. See: *People* v. *Bauzá,* 34 P.R.R. 319; *People* v. *Pérez,* 23 P.R.R. 815 and *People* v. *Cotis,* 50 P.R.R. 464.

The judgment appealed from must be affirmed.